**IN THE COUNTY COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA
SMALL CLAIMS DIVISION**

| | |
|---|---|
| Jerry Cox, | Case Number: _____ |
| *Plaintiff,* | Division: _____ |
| v. | |
| **Tate & Kirlin Associates, Inc.,** | Ad Damnum: **$2,000 + Fees and Costs** |
| *Defendant.* | **Jury Trial Demanded** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **Jerry Cox**, ("Mr. Cox"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, **Tate & Kirlin Associates, Inc,** ("**Tate & Kirlin**"), stating as follows:

## PRELIMINARY STATEMENT

1.      Mr. Cox brings this action against Tate & Kirlin for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* ("**FDCPA**"), and the Fair Credit Reporting Act, 15 U.S.C. 1681, *et. seq.* ("**FCRA**").

## JURISDICTION AND VENUE

2.      Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d), and the FCRA 15 U.S.C. 1681p, and Section 34.01, Florida Statutes.

3.      Tate & Kirlin is subject to the provisions of both the FDCPA and FCRA, and to the jurisdiction of this Court pursuant to Section 48.193, Florida Statutes.

4.      Pursuant to Section 47.051, Florida Statutes, venue is proper in Polk County, Florida, because the acts complained of were committed and / or caused by the Defendant within Polk County.

Page 1 of 14

**PARTIES**

5.      Mr. Cox is a natural person residing in Polk County, Florida and is a "consumer" as defined by the FDCPA and the FCRA, 15 U.S.C. §§ 1692a(3) and 1681a(3), respectively.

6.      Tate & Kirlin is a Pennsylvania corporation with a primary business address of 580 Middletown Blvd., Suite 240, Langhorne, PA 19047.

7.      Tate & Kirlin is registered to do business in the State of Florida where its Registered Agent is **CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.**

8.      Tate & Kirlin is a "debt collector" within the meaning of the FDCPA, and as cross-referenced by the FCRA to the FDCPA, 15 U.S.C. § 1692a(6), in that the it uses postal mail or other instrumentality of commerce, interstate and within the state of Florida, for its business, the principal purpose of which is the collection of debts. Alternatively, Tate & Kirlin regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

9.      Tate & Kirlin has registered with the Florida Office of Financial Regulation as a Consumer Collection Agency ("**CCA**") and is licensed as a consumer collection agency, bearing license number CCA0900139.

**FACTUAL ALLEGATIONS**

10.      During May 2007, Mr. Cox obtained both an auto *lease*, for his then-girlfriend, and financed a second car, for himself, all through GMAC, Inc. ("**GMAC**").

11.      GMAC was an acronym for General Motors Acceptance Corporation.

12.      In 2010, GMAC became Ally Financial.

13.      In late 2010, one of the vehicles was involved in an accident and totaled.

Page 2 of 14

14.     Despite two insurance policies paying claims, Ally claimed that $1,831 remained due from Mr. Cox.

15.     In March 2011, Ally charged off the $1,831 balance.

16.     Mr. Cox disputes Ally's accounting and believes that less than $500 is legitimately owed.

17.     Mr. Cox informed Ally of this dispute.

18.     In October 2011, due to financial difficulty, Mr. Cox returned the other vehicle to the dealer.

19.     Ally then claimed $6,319.96 was due.

20.     Ally charged off the $6,319.96 in October 2011.

21.     Mr. Cox also disputes Ally's accounting of this second debt.

22.     Sometime before November 26, 2018, Ally, or the successor-in-interest to the $6,319.96 Ally debt, placed the account with Tate & Kirlin for collection.

23.     The Debt arose from services which were primarily for family, personal, and household purposes, specifically a loan for a car used for personal purposes, and meets the definition of "debt" under 15 U.S.C. § 1692a(5) and Section 559.55(6), Florida Statutes.

24.     Ally reported the $6,319.96 debt to several nationwide credit reporting agencies ("**CRAs**"), including Experian.

25.     Acknowledging Mr. Cox's disputes, Ally reported the debt to the CRAs as a disputed debt.

26.     Due to the running of the seven-year reporting period prescribed by the Fair Credit Reporting Act ("**FCRA**"), 15 U.S.C. § 1681c(a)(4), Ally's tradeline was purged as obsolete in October 2017 from Mr. Cox's Experian report.

27.    On December 5, 2018, Tate & Kirlin mailed a letter to Mr. Cox - its initial communication with him.  **SEE PLAINTIFF'S EXHIBIT A.**

28.    The letter stated that Tate & Kirlin was collecting a debt for the creditor "Ally," account number ****■■■ (Redacted). *Id*.

29.    Mr. Cox had two accounts with Ally; neither Ally account number was similar to the account number provided by Tate & Kirlin.

30.    Upon information and belief, the account number in Tate & Kirlin's letter was an internal Tate & Kirlin account number, not an Ally account number. The letter, however, did not disclose or explain that the account number listed was not the *original* account number.

31.    An unsophisticated consumer, allegedly owing two debts to the same creditor, incurred at the same time, would be placed at a disadvantage in trying to research and investigate his own records regarding a debt, which referenced no identifying information which could reasonably disambiguate one Ally account from the other.

32.    Tate & Kirlin's letter stated "due to the age of your account the above creditor is not able to file suit against you but if you take specific action such as making a payment or making a written promise to pay, the time to filing a suit will be reset." *Id.*

33.    Tate & Kirlin's letter stated in large-font, capital letters "YOUR OPPORTUNITY" and offered it would accept $3,159.98 "to satisfy this account." *Id*.

34.    The letter requested Mr. Cox call Tate & Kirlin to learn about possible installment payment plans. *Id*.

35.    The letter offered "3 convenient ways to pay." *Id*.

36.    The letter provided a tear-off coupon with a check-box stating, "Enclosed is a payment of $3,159.98 to satisfy my account." *Id*.

37.     Printed on the back on the letter, in a smaller font, were notices required by 15 U.S.C. 1692g. *Id.*

38.     The letter also disclosed in a small font, "The law limits how long you can be sued on a debt. Because of the age of your debt, ALLY will not sue you for it." *Id*.

39.     Assuming there was a written contract between Mr. Cox and Ally, the statute of limitations regarding the Debt is five years. *See* Fla. Stat. § 95.11(2) (2018).

40.     The statute of limitation on legal enforcement of the debt, barring intervening actions which could have reset it, would have run in 2016.

41.     Thus, neither Tate & Kirlin nor Ally could sue Mr. Cox for the debt.

42.     Suing a consumer for a time-barred debt inherently violates the FDCPA and is actionable under it; *see Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480, 1488 (M.D. Ala. 1987) (" time-barred lawsuits are […] unjust and unfair as a matter of public policy.")

43.     Thus, Ally and Tate & Kirlin *could not* sue Mr. Cox for the debt.

44.     Tate & Kirlin's disclosure that Ally "will not" sue him for it implies to an unsophisticated consumer that such a decision is voluntary, leaving the impression that another debt collector, or successor-in-interest to the debt, might choose to litigate the matter.

45.     Further, Tate & Kirlin's letter failed to disclose that, had Mr. Cox made an installment payment agreement on the "settlement" amount offered by Tate & Kirlin, and made any written affirmation of this, the statute of limitations would reset, and Mr. Cox then could be sued for the full unpaid balance of the purported debt.

46.     An unsophisticated consumer is placed at a disadvantage in charting a course of action regarding a debt if told he will not be sued for a debt, but not provided notice that the installment payment plan could reset the statute of limitations and leave him liable for the full amount of the unpaid debt.

47.     The front of Tate & Kirlin's letter says to "see reverse side for important information." *Id.*

48.     The "important information" contains Mr. Cox's 1692g rights.

49.     Telling a consumer to "see reverse side" does not adequately inform a consumer of the nature of the notice on the back of the letter, especially when the front requests a phone call and payment, multiple times see *Guzman v. HOVG, LLC*, No. 18-CV-3013 (E.D. Pa. Oct. 31, 2018)

50.     To adequately inform a consumer of his rights under Section 1692g, "more is required than the mere inclusion of the statutory debt validation notice in the debt collection letter—the required notice must also be conveyed effectively to the debtor." *Wilson v. Quadramed Corp.*, 225 F.3d 350, 353 n.2 (3d Cir. 2000)

51.     At no point in the letter did Tate & Kirlin disclose that, due to the age of a debt, it could not be reported to any CRA.

52.     An unsophisticated consumer would believe that if he failed to pay the balance, Tate & Kirlin – a debt collector – could and would report the debt to the CRAs, damaging his credit.

53.     Many consumers have a mistaken belief that a debt being transferred from one collection agency to another resets the reporting period and allows the debt collector to report the debt for another seven years.

54.     Other consumers are unaware that there is a limit to the length of time a debt can be reported to the CRAs.

55.     The "frequently asked questions" section in the consumer education sections of the websites of Equifax, Experian and Trans Union all answer questions regarding how long negative information can be reported.

56.     Even state governments and Attorney Generals have recognized that consumers are frequently unaware or misinformed about the FCRA's reporting period.

57.     For example, the State of California requires disclosure that a debt is too old to report to a CRA if the applicable time period has run so that consumers will be aware nonpayment will not affect their credit scores or reports; see Cal. Civ. Code §§ 1788.53(d)(1)-(3).

58.     A 2016 settlement between a large debt collector and forty-seven state Attorneys General required the debt collector to disclose in writing, as well as oral communications, that debts too old to report could not be reported to CRAs; see *In the Matter of: Encore Capital Group Inc., Midland Funding LLC, Midland Credit Management Inc., and Asset Acceptance Capital Corp.*, File No. 2015-CFPB-0022, U.S. Consumer Financial Protection Bureau.

59.     On or about November 30, 2018, Tate & Kirlin, in connection with the collection of the Debt, requested Mr. Cox's credit bureau report ("**CBR**") from Trans Union. A record of the inquiry was logged by Trans Union. **SEE PLAINTIFF'S EXHIBIT B**.

60.     To lawfully request a CBR from a CRA, a debt collector must be collecting on a debt which arose from a "credit transaction" involving the consumer.   15 U.S.C. § 1681b(a)(3)(A).

61.     The underlying debt from Ally was a for a car lease, not a car loan.

62.     Payments for each lease period were due in advance.

63.     A car lease, unlike a car loan, is not a "credit transaction."

64.     Credit means the right granted by a creditor to a debtor to *defer payment* of debt or to incur debts and *defer its payment* or to purchase property or services and *defer payment* therefor." *See* 15 U.S.C. § 1691a(d). (Emphasis added).

65.     Tate & Kirlin used the information it obtained from Trans Union in connection with the collection of a debt.

66.     Upon information and belief, Tate & Kirlin had to certify to Trans Union that it had a permissible purpose to obtain Mr. Cox's credit report before it obtained the report.

67.     Thus, Tate & Kirlin had to falsely certify that the underlying debt was a "credit transaction" even though Tate & Kirlin knew otherwise.

68.     Tate & Kirlin's letter to Mr. Cox and its request for  a CBR from Trans Union were "communications" as defined by 15 U.S.C. § 1692a(2).

69.     Mr. Cox hired the aforementioned law firm to represent him in this matter and is obligated to pay its reasonable fees.

## COUNT I
## TATE & KIRLIN'S VIOLATIONS OF THE FDCPA

70.     Paragraphs 1 – 69 are incorporated herein as if fully restated.

71.     Tate & Kirlin violated **15 U.S.C. § 1692e(2)(a)** in that it made false representations regarding the character or legal status of the debt by:

  a.     Stating to Trans Union that the debt was the result of a "credit transaction" when it was not;

  b.     Failing to disclose that the Debt could not be reported to any CRA due to its age;

  c.     Failing to disclose that the installment payment plan offered could reset the applicable statute of limitations, and cause Mr. Cox to be sued for the entire unpaid amount should he not fully pay;

      d.      Falsely representing in its letter that that Ally and Tate & Kirlin voluntarily elected not to sue him for the debt, implying that another debt collector or debt buyer at some point could sue him for it, if it so chose; and,

      e.      Mailing a collection letter for an Ally debt, a creditor Mr. Cox had multiple accounts with, containing a reference only to "Ally" and an account number, but failing to explain that the account number was actually an internal Tate & Kirlin account number.

72.      Tate & Kirlin violated **15 U.S.C. § 1692e and 1692e(10)** in that it used false, deceptive, and misleading representations in connection with the collection of a debt or to obtain information about Mr. Cox by:

      a.      Stating to Trans Union that the debt was the result of a "credit transaction" when it was not;

      b.      Failing to disclose that the Debt could not be reported to any CRA due to its age;

      c.      Failing to disclose that the installment payment plan offered could reset the applicable statute of limitations, and cause Mr. Cox to be sued for the entire unpaid amount should he not fully pay;

      d.      Falsely representing in its letter that that Ally and Tate & Kirlin voluntarily elected not to sue him for the debt, implying that another debt collector or debt buyer at some point could sue him for it, if it so chose; and,

      e.      Mailing a collection letter for an Ally debt, a creditor Mr. Cox had multiple accounts with, containing a reference only to "Ally" and an

account number, but failing to explain that the account number was actually an internal Tate & Kirlin account number.

73.     Tate & Kirlin violated **15 U.S.C. § 1692g(a)** when it failed to mail written notice to Mr. Cox which clearly and adequately disclosed his rights to him under this subsection, and instead printed them on the back of the letter in small print, without sufficient reference to the nature of the rights disclosed on the front of the letter.

74.     Tate & Kirlin's conduct renders it liable for the above-stated violations of the FDCPA.

**WHEREFORE**, Mr. Cox respectfully requests this Honorable Court enter judgment against Tate & Kirlin for:

a.     Statutory damages of **$1,000.00**, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

b.     Actual damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c.     Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and,

d.     Such other relief that this Court deems just and proper.

## COUNT II
## TATE & KIRLIN'S VIOLATIONS OF THE FCRA

75.     Paragraphs 1 – 69 are incorporated herein as if fully restated.

76.     Tate & Kirlin violated **15 U.S.C. § 1681b(f)** when it obtained a Credit Bureau Report from Trans Union under false pretenses and without a permissible purpose as the alleged Debt did not arise from a "credit transaction" or under any other permissible purpose.

77.     Tate & Kirlin's conduct was willful and intentional, or, alternately, was done with a reckless disregard for consumer rights.

78.     Tate & Kirlin is liable under the FCRA to Mr. Cox in a statutory amount up to $1,000 *per incident*.

2018SC-007205-0000-LK          Received in Polk 12/31/2018 06:11 PM

**WHEREFORE,** Mr. Cox respectfully requests this honorable Court to enter judgment in his favor, and against Commonwealth, for:

a.   The greater of Cox's  actual damages or statutory damages of **$1,000** per incident  pursuant to 15 U.S.C. § 1681n(a)(1)(B) or 15 U.S.C. § 1681o(a)(1);

b.   Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) or 15 U.S.C. § 1681o(a)(2); and,

c.   Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Mr. Cox demands a jury trial on all issues so triable.

Respectfully submitted this 31st Day of December 2018, by:

/s/ *Philip R. Goldberg*
**Philip R. Goldberg**
**FBN: 105940**
**SERAPH LEGAL, P. A.**
2002 E. 5th Ave., Suite 104
Tampa, FL 33605
Tel: 813-567-1230
Fax: 855-500-0705
PGoldberg@SeraphLegal.Com
Counsel for Plaintiff

**EXHIBITS**
A      **Tate & Kirlin Letter Dated December 5, 2018**
B      **Trans Union Credit Report, December 13, 2018,** *Excerpt*

**2018SC-007205-0000-LK          Received in Polk 12/31/2018 06:11 PM**

# EXHIBIT A
## Tate & Kirlin Letter Dated December 5, 2018

**TATE & KIRLIN ASSOCIATES, INC.**

Suite 240
580 Middletown Blvd
Langhorne, PA 19047

*Toll Free (877)846-3931 • (215)600-3040*
*www.paytka.com*

Creditor:          ALLY
Client Ref #:
Account#:
Total Due:          $6,319.96

Jerry G Cox Jr

December 5, 2018

⟹ **YOUR OPPORTUNITY** ⟸

Our client has authorized us to offer a discount for 50% of your balance or $3,159.98 to satisfy this account. (Saving you $3,159.98)
Please contact our office at our toll free number should you have any questions or wish to determine if this discount offer can be made in installments.

Please retain the upper portion of this letter for your records.

**3 convenient ways to pay**
We accept check, money order, Visa/Mastercard (Debit or Credit)  ●  Pay by Phone – Call (877)846-3931
Pay online at www.paytka.com using Account # 3459235?
**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.**

---

Please detach and return bottom portion with your payment in the envelope supplied; be sure the address below shows through the return envelope window.

December 5, 2018
Jerry G Cox Jr -

☐  Enclosed is a payment of $3,159.98 to satisfy my account.

Please indicate any address changes below:

Address: _____
City, State, Zip _____
Home Phone #: _____
Business Phone #: _____

**IF PAYING BY CREDIT CARD, PLEASE FILL OUT BELOW**

| CARD NUMBER | | EXP. DATE |
|---|---|---|
| SIGNATURE | | |
| AMOUNT | | CVV/CID (3 digit number on back of card) |

Tate & Kirlin Associates, Inc.
Suite 240
580 Middletown Blvd
Langhorne, PA 19047

Page 12 of 14

**EXHIBIT A**
**Tate & Kirlin Letter Dated December 5, 2018**

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

The law limits how long you can be sued on a debt. Because of the age of your debt, ALLY will not sue you for it.

00015249
00x006
Page 1 of 1

Page 13 of 14

**EXHIBIT B**
**Trans Union Credit Report, December 13, 2018, *Excerpt***

TransUnion®

Report Created On: 12/13/2018
File Number: 386294067

**Personal Information**

SSN: ▮▮▮▮▮

You have been on our files since 06/01/1986
Date of Birth: ▮▮▮▮▮▮▮

**Names Reported:** JERRY GLENN COX JR, JERRYG COX, JERRY G COX and JERRY COXJR

**TATE KIRLIN**
2810 SOUTHHAMPTON ROAD
PHILA, PA 19154
(844) 820-8679

Requested On: 11/30/2018

Page 14 of 14

**2018SC-007205-0000-LK        Received in Polk 12/31/2018 06:11 PM**